```
1                    UNITED STATES DISTRICT COURT

2                  NORTHERN DISTRICT OF CALIFORNIA

3                          SAN JOSE DIVISION

4


5
      UNITED STATES OF AMERICA,    )  CR-07-00251 RMW
6                                  )
                  PLAINTIFF,       )  SAN JOSE, CALIFORNIA
7                                  )
             VS.                   )  NOVEMBER 5, 2007
8                                  )
      JOSE HERNANDEZ BONILLA,      )  PAGES 1-12
9                                  )
                  DEFENDANT.       )
10    _____)

11

12                   TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE RONALD M. WHYTE
13                UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16   FOR THE PLAINTIFF:   UNITED STATES ATTORNEY'S OFFICE
                          BY:  THOMAS M. O'CONNELL
17                        150 ALMADEN BOULEVARD
                          SUITE 900
18                        SAN JOSE, CALIFORNIA   95113

19


20   FOR THE DEFENDANT:   FEDERAL PUBLIC DEFENDER'S OFFICE
                          BY:  LARA S. VINNARD
21                        160 WEST SANTA CLARA STREET
                          SUITE 575
22                        SAN JOSE, CALIFORNIA   95113

23


24   OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                          CERTIFICATE NUMBER 9595
25
```

                                                                    1

```
 1    SAN JOSE, CALIFORNIA                    NOVEMBER 5, 2007
 2                    P R O C E E D I N G S
 3              (WHEREUPON, COURT CONVENED AND THE
 4    FOLLOWING PROCEEDINGS WERE HELD:)
 5              THE CLERK:  FIRST MATTER, CR-07-00251,
 6    U.S.A. VERSUS JOSE HERNANDEZ BONILLA, ON FOR
 7    STATUS.
 8              MS. VINNARD:  GOOD MORNING, YOUR HONOR.
 9    LARA VINNARD FOR MR. BONILLA.  HE'S PRESENT OUT OF
10    CUSTODY.
11              MR. O'CONNELL:  GOOD MORNING, JUDGE.
12    THOMAS O'CONNELL FOR THE GOVERNMENT.
13              THE COURT:  GOOD MORNING.  WHAT'S THE
14    STATUS?
15              MS. VINNARD:  WE'RE PREPARED TO GO
16    FORWARD WITH AN OPEN PLEA.
17              THE COURT:  OKAY.
18              THE CLERK:  RAISE YOUR RIGHT HAND.
19              (JOSE HERNANDEZ BONILLA, DEFENDANT,
20    SWORN.)
21              THE DEFENDANT:  YES.
22              THE CLERK:  THANK YOU.
23              THE COURT:  ALL RIGHT.
24              MR. BONILLA, IT'S MY UNDERSTANDING THAT
25    YOU WISH TO ENTER A PLEA IN THIS CASE.
```

1          IS THAT CORRECT?
2          THE DEFENDANT:  THAT'S CORRECT.
3          THE COURT:  I'M GOING TO BE ASKING YOU
4   SOME QUESTIONS THIS MORNING AND ADVISING YOU OF
5   SOME RIGHTS.
6          IF AT ANY TIME YOU HAVE ANY QUESTIONS,
7   PLEASE LET ME KNOW BECAUSE I WANT TO MAKE SURE YOU
8   UNDERSTAND YOUR RIGHTS AND THE EFFECT OF PLEADING
9   GUILTY.
10         SINCE I HAVE HAD YOU SWORN TO TELL THE
11  TRUTH, I'M REQUIRED BY LAW TO ADVISE YOU THAT
12  SHOULD YOU ANSWER ANY OF MY QUESTIONS WITH AN
13  ANSWER THAT YOU KNOW IS INCORRECT, THAT COULD GET
14  YOU INTO FURTHER DIFFICULTY WITH THE LAW FOR MAKING
15  A FALSE STATEMENT TO THE COURT UNDER OATH, AND IF
16  YOU WERE EVER CHARGED WITH MAKING A FALSE STATEMENT
17  TO THE COURT UNDER OATH, WHAT YOU SAID HERE TODAY
18  COULD BE USED AGAINST YOU.
19         DO YOU UNDERSTAND THAT?
20         THE DEFENDANT:  YES, I DO.
21         THE COURT:  HAVE YOU BEEN PROVIDED WITH
22  THE -- WITH A COPY OF THE CHARGES BEING BROUGHT
23  AGAINST YOU?
24         THE DEFENDANT:  YES.
25         THE COURT:  OKAY.  AND ARE YOU CURRENTLY

1   TAKING ANY KIND OF MEDICATION OR DRUG OR ANYTHING
2   THAT AFFECTS YOUR ABILITY TO THINK CLEARLY AND MAKE
3   DECISIONS?
4           THE DEFENDANT:  I'M TAKING SOME
5   PRESCRIBED MEDICATION, BUT I'M --
6           THE COURT:  IT DOESN'T AFFECT YOUR --
7           THE DEFENDANT:  IT DOESN'T AFFECT MY
8   ABILITY TO ANSWER YOUR QUESTIONS.
9           THE COURT:  OKAY.  AND ARE YOU SATISFIED
10  WITH YOUR LAWYER?
11          THE DEFENDANT:  YES, I AM.
12          THE COURT:  OKAY.  HAS ANYBODY PROMISED
13  YOU ANYTHING IN ORDER TO GET YOU TO PLEAD GUILTY?
14          THE DEFENDANT:  NO, SIR.
15          THE COURT:  HAS ANYBODY TRIED TO FORCE
16  YOU TO PLEAD GUILTY?
17          THE DEFENDANT:  NO, SIR.
18          THE COURT:  NOW, THERE ARE TWO CHARGES
19  AGAINST YOU.
20          THE FIRST CHARGE IS THAT ON OR ABOUT
21  JULY 29TH, 2006, AS OF THAT DATE, YOU'D BEEN
22  PREVIOUSLY CONVICTED OF A CRIME THAT CARRIED A TERM
23  OF IMPRISONMENT EXCEEDING ONE YEAR; THAT ON
24  JULY 29TH, 2006, YOU KNOWINGLY POSSESSED A FIREARM;
25  AND THAT THAT FIREARM HAD TRAVELED IN INTERSTATE

1    COMMERCE.
2              THE MAXIMUM PUNISHMENT FOR THAT OFFENSE
3    IS TEN YEARS OF IMPRISONMENT; A $250,000 FINE; A
4    THREE YEAR PERIOD OF SUPERVISED RELEASE; AND A $100
5    MANDATORY SPECIAL ASSESSMENT.
6              THE SECOND CHARGE AGAINST YOU IS FOR
7    POSSESSION OF AN UNREGISTERED FIREARM.
8              THAT CHARGE BASICALLY SAYS THAT ON
9    JULY 29TH, 2006, YOU POSSESSED A FIREARM AND THAT
10   THE FIREARM WAS NOT REGISTERED IN THE NATIONAL
11   FIREARMS REGISTRATION AND TRANSFER RECORD.
12             THE MAXIMUM PUNISHMENT FOR THAT OFFENSE
13   IS ALSO TEN YEARS OF IMPRISONMENT; A $250,000 FINE,
14   A THREE YEAR PERIOD OF SUPERVISED RELEASE; AND A
15   $100 SPECIAL ASSESSMENT.
16             SUPERVISED RELEASE IS A PERIOD OF TIME
17   AFTER SOMEONE'S RELEASED FROM ANY CUSTODY SENTENCE
18   IN WHICH HIS ACTIVITIES ARE RESTRICTED, AND SHOULD
19   HE VIOLATE ONE OF THOSE RESTRICTIONS, HE CAN BE
20   PLACED BACK INTO CUSTODY IMMEDIATELY.
21             THE COMPLAINT -- OR, RATHER, THE
22   INDICTMENT ALSO SEEKS TO HAVE YOU FORFEIT TO THE
23   GOVERNMENT THE FIREARM REFERENCED IN THE
24   INDICTMENT.
25             NOW, DO YOU FEEL YOU UNDERSTAND WHAT THE

1  GOVERNMENT WOULD HAVE TO PROVE AND THE PUNISHMENTS
2  FOR EACH OF THOSE OFFENSES?
3          THE DEFENDANT:  YES.
4          THE COURT:  ALL RIGHT.  NOW, YOU HAVE
5  CERTAIN RIGHTS.
6          YOU HAVE THE RIGHT TO PLEAD NOT GUILTY,
7  TO CONTINUE IN THAT PLEA, AND TO HAVE THIS CASE GO
8  TO TRIAL.
9          IF THE CASE GOES TO TRIAL, YOU'D HAVE A
10 RIGHT TO BE REPRESENTED BY COUNSEL.  IF YOU
11 COULDN'T AFFORD COUNSEL, COUNSEL COULD BE PROVIDED
12 FOR YOU AT NO COST.
13         YOU'D BE PRESUMED TO BE INNOCENT AND
14 COULD NOT BE FOUND GUILTY UNLESS AND UNTIL THE
15 GOVERNMENT PROVED YOUR GUILT BEYOND A REASONABLE
16 DOUBT.
17         YOU'D HAVE A RIGHT TO FACE, QUESTION,
18 CROSS-EXAMINE ANY EVIDENCE OR WITNESSES CALLED BY
19 THE GOVERNMENT.
20         YOU'D HAVE A RIGHT TO PRESENT EVIDENCE
21 AND WITNESSES ON YOUR OWN BEHALF.
22         YOU COULD TESTIFY YOURSELF IF YOU WISHED.
23         ON THE OTHER HAND, IF YOU WANTED TO
24 REMAIN SILENT, YOU COULD DO SO AND YOUR SILENCE
25 COULD NOT BE HELD AGAINST YOU OR COMMENTED ON BY

1    THE GOVERNMENT.
2             YOU'D ALSO HAVE THE RIGHT TO HAVE THE
3    COURT ORDER WITNESSES TO APPEAR IF YOU MADE THAT
4    REQUEST.
5             IF YOU PLEAD GUILTY, THERE WILL BE NO
6    TRIAL AND YOU'LL BE FOUND GUILTY BASED UPON WHAT
7    I'M TOLD THIS MORNING.
8             NOW, DO YOU FEEL YOU UNDERSTAND YOUR
9    RIGHTS?
10            THE DEFENDANT:  YES, YOUR HONOR.
11            THE COURT:  OKAY.  WOULD THE GOVERNMENT
12   OUTLINE THE EVIDENCE IT HAS, PLEASE?
13            MR. O'CONNELL:  YES, SIR.
14            YOUR HONOR, IF THIS CASE WERE TO PROCEED
15   TO TRIAL, THE GOVERNMENT WOULD PROVE BEYOND A
16   REASONABLE DOUBT THAT ON OR ABOUT JULY 29TH, 2006,
17   POLICE IN WATSONVILLE, CALIFORNIA, RESPONDING TO A
18   GANG ALTERCATION.
19            THEY NOTICED A GMC YUKON VEHICLE WITH AN
20   OPEN WINDOW WITH A SAWED-OFF SHOTGUN LYING ON THE
21   FRONT SEAT OF THAT VEHICLE.
22            AFTER SECURING THE SAWED-OFF SHOTGUN,
23   THEY ASCERTAINED THAT THE VEHICLE BELONGED TO THE
24   DEFENDANT, MR. BONILLA.
25            THE SHOTGUN WAS SUBMITTED TO THE

1    LABORATORY.  MR. BONILLA'S FINGERPRINTS WERE
2    RECOVERED, OR AT LEAST ONE LATENT FINGERPRINT WAS
3    RECOVERED WHICH MATCHED MR. BONILLA.
4             THE SHOTGUN HAD AN OVERALL LENGTH OF 24
5    INCHES AND A BARREL LENGTH OF 13 INCHES, WHICH WERE
6    BOTH BELOW THE STATUTORY REQUIREMENT OF AN 18-INCH
7    BARREL AND AN OVERALL LENGTH OF 26 INCHES.
8             THE SHOTGUN WAS NOT REGISTERED IN THE
9    NATIONAL FIREARMS REGISTRATION TRANSFER RECORD.
10            AND THE DEFENDANT HAD SUFFERED ONE PRIOR
11   FELONY CONVICTION; THAT IS, A CRIME PUNISHABLE BY
12   AT LEAST ONE YEAR IN PRISON.
13            THE COURT:  ALL RIGHT.  MR. BONILLA, AS
14   OF JULY 29TH, 2006, DID YOU HAVE A FELONY
15   CONVICTION?  IN OTHER WORDS, A CONVICTION FOR AN
16   OFFENSE THAT CARRIED A PUNISHMENT OF MORE THAN A
17   YEAR?
18            THE DEFENDANT:  YES, YOUR HONOR.
19            THE COURT:  OKAY.  AND ON JULY 29TH,
20   2006, DID YOU POSSESS A SAWED-OFF REMINGTON 12
21   GAUGE SHOTGUN?
22            THE DEFENDANT:  YEAH.  YES, YOUR HONOR.
23            THE COURT:  OKAY.  YOU KNEW YOU HAD IT;
24   RIGHT?
25            THE DEFENDANT:  YEAH.

1	THE COURT: OKAY. AND DO YOU AGREE THAT
2	THE WEAPON TRANSFERRED AT SOME POINT IN ITS
3	LIFETIME FROM ONE STATE TO ANOTHER?
4	THE DEFENDANT: I DIDN'T --
5	MS. VINNARD: MAY THE COURT PHRASE THE
6	QUESTION AS WE AGREED THE GOVERNMENT WOULD PROVE?
7	THE COURT: YEAH. DO YOU HAVE ANY -- DO
8	YOU DISPUTE THAT THE GUN IN ANY -- LET ME START
9	THAT AGAIN.
10	THE GOVERNMENT HAS TO PROVE THAT THE
11	SHOTGUN TRAVELED FROM ONE STATE TO ANOTHER AT SOME
12	POINT IN TIME BEFORE YOU WERE FOUND WITH IT.
13	DO YOU DISPUTE THAT THE GOVERNMENT COULD
14	PROVE THAT BEYOND A REASONABLE DOUBT?
15	(DISCUSSION OFF THE RECORD BETWEEN
16	MS. VINNARD AND THE DEFENDANT.
17	THE DEFENDANT: NO, YOUR HONOR.
18	THE COURT: OKAY.
19	MR. O'CONNELL: YOUR HONOR, FOR THE
20	RECORD, THE WEAPON -- I NEGLECTED TO MENTION
21	THIS -- WAS, IN FACT, MANUFACTURED IN NEW YORK, SO
22	IT HAD TO HAVE TRAVELED IN INTERSTATE COMMERCE.
23	THE COURT: OKAY. AND WITH RESPECT TO
24	THE SECOND OFFENSE, WAS THE GUN REGISTERED TO YOU
25	UNDER -- IN THE NATIONAL FIREARM REGISTRATION AND

1    TRANSFER RECORD?
2             THE DEFENDANT:  IF IT WAS REGISTERED TO
3    ME?
4             THE COURT:  YES.
5             THE DEFENDANT:  NO.
6             THE COURT:  OKAY.  AND DID YOU KNOW THAT
7    IT WAS NOT REGISTERED TO YOU?
8             (DISCUSSION OFF THE RECORD BETWEEN
9    MS. VINNARD AND THE DEFENDANT.)
10            THE DEFENDANT:  YES, YOUR HONOR.
11            THE COURT:  OKAY.  AND, AGAIN, YOU KNEW
12   YOU HAD THE WEAPON; CORRECT?
13            THE DEFENDANT:  YES, YOUR HONOR.
14            THE COURT:  OKAY.  AND DO YOU UNDERSTAND
15   AND -- WELL, LET ME ASK IT THIS WAY:  ARE YOU
16   AGREEING THAT THE FIREARM CAN BE FORFEITED TO THE
17   GOVERNMENT?
18            THE DEFENDANT:  YES, YOUR HONOR.
19            THE COURT:  OKAY.  ALL RIGHT.  IS THERE
20   ANYTHING FURTHER THE GOVERNMENT WOULD LIKE ME TO
21   ASK?
22            MR. O'CONNELL:  YES, JUDGE.  JUST THAT
23   THE DEFENDANT ACKNOWLEDGES THAT HE KNEW THE NATURE
24   OF THE FIREARM; THAT IS, THAT IT HAD BEEN MODIFIED
25   SUCH THAT THE OVERALL LENGTH WAS LESS THAN 26

| | |
|---|---|
| 1 | INCHES AND/OR THE BARREL LENGTH WAS LESS THAN 18 |
| 2 | INCHES. |
| 3 | THE COURT:  OKAY.  DO YOU AGREE WITH THAT |
| 4 | STATEMENT? |
| 5 | THE DEFENDANT:  YES, YOUR HONOR. |
| 6 | THE COURT:  OKAY.  ANYTHING ELSE? |
| 7 | MR. O'CONNELL:  NO, SIR. |
| 8 | THE COURT:  ALL RIGHT. |
| 9 | IS THERE ANYTHING FURTHER YOU'D LIKE ME |
| 10 | TO ASK OR TALK TO YOUR CLIENT ABOUT BEFORE I ASK |
| 11 | HIM HOW HE PLEADS, MS. VINNARD? |
| 12 | MS. VINNARD:  NO, YOUR HONOR. |
| 13 | THE COURT:  MR. BONILLA, DO YOU HAVE ANY |
| 14 | QUESTIONS BEFORE I ASK YOU HOW YOU PLEAD? |
| 15 | THE DEFENDANT:  NO, YOUR HONOR. |
| 16 | THE COURT:  ALL RIGHT.  AT THIS TIME, |
| 17 | THEN, I'D ASK YOU HOW YOU PLEAD TO COUNT ONE, WHICH |
| 18 | IS A FELON IN POSSESSION OF A FIREARM, GUILTY OR |
| 19 | NOT GUILTY? |
| 20 | THE DEFENDANT:  GUILTY. |
| 21 | THE COURT:  AND AS TO COUNT TWO, WHICH IS |
| 22 | POSSESSION OF AN UNREGISTERED FIREARM, GUILTY OR |
| 23 | NOT GUILTY? |
| 24 | THE DEFENDANT:  GUILTY. |
| 25 | THE COURT:  AND I THINK WE'VE COVERED |

1  THIS, BUT YOU AGREE THAT THE GUN MAY BE FORFEITED
2  TO THE GOVERNMENT?  YOU AGREE THAT THE
3  GOVERNMENT -- THAT THE FIREARM MAY BE FORFEITED TO
4  THE GOVERNMENT?
5            THE DEFENDANT:  YES, YOUR HONOR.
6            THE COURT:  OKAY.  ALL RIGHT.  THE COURT
7  FINDS THAT MR. BONILLA IS MAKING A KNOWING AND
8  VOLUNTARY PLEA THAT'S SUPPORTED BY AN INDEPENDENT
9  BASIS IN FACT AND THE COURT FINDS HIM GUILTY AT
10 THIS TIME.
11           SENTENCING DATE?
12           THE CLERK:  MARCH 10TH, '08.
13           MS. VINNARD:  THAT'S ACCEPTABLE TO THE
14 DEFENSE, YOUR HONOR.
15           MR. O'CONNELL:  THAT'S FINE, JUDGE.
16           THE COURT:  OKAY.  THANK YOU.
17           MR. O'CONNELL:  THANK YOU.
18           MS. VINNARD:  THANK YOU.
19           (WHEREUPON, THE PROCEEDINGS IN THIS
20 MATTER WERE CONCLUDED.)
21
22
23
24
25