JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

THOMAS M. O'CONNELL (NYSBN 1801950)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408)-535-5053
    Fax: (408)-535-5066
    E-Mail: thomas.m.oconnell@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | No. CR - 07- 00251-RMW |
|              Plaintiff,    ) | GOVERNMENT OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW PLEA |
|          v.       ) | |
| JOSE BONILLA,       ) | |
|             Defendant.    ) | |

Defendant Jose Bonilla moves this court for withdrawal of his pleas of guilty to Felon In Possession of a Firearm (a sawed-off Remington 12 gauge shotgun) in violation of 18 U.S.C. § 922(g)(1) and Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5861(d). The defendant asserts, as the basis for his motion, that "at the time of entry of his plea, (he) did not understand that such a plea would subject him to probable deportation", and that this constitutes a fair and just reason to withdraw the plea pursuant to Rule 11(D)(2)(b) of the Federal Rules of Criminal Procedure.

Defendant pled "open", without the benefit of a plea agreement. The transcript reflects

that defendant was not canvassed regarding immigration matters during the plea colloquy.

The Government submits that the defendant's guilty plea was both knowing and voluntary and should not be withdrawn.  While Federal Rule of Criminal Procedure Rule 11 (D)(2)(b) does indeed state that a defendant may withdraw a plea of guilty if "the defendant can show a fair and just reason for requesting the withdrawal" an explanation by the court of  every conceivable consequence of a guilty plea is not a prerequisite to a valid plea.

The Ninth Circuit has distinguished direct and collateral consequences of a plea; a defendant must be informed only of the direct consequences of a plea, not collateral consequences.

Specifically, this Court had no duty to inform the defendant of the immigration consequences of his guilty plea because immigration consequences are collateral.  In *U.S. v. Amador-Leal* 276  F.3d 511 (9th Cir. 2002), an illegal alien convicted of  selling crack cocaine moved to withdraw his guilty plea on the grounds that  he was not informed that one consequence of his plea was probable deportation.   The Ninth Circuit upheld the validity of the plea on the grounds that "Immigration consequences continue to be a collateral consequence of a plea and the resulting  conviction. This means that district courts are not constitutionally required to warn defendants  about potential removal in order to assure voluntariness." *(Amador-Leal,* 276 F.3d 511 at 517).

In affirming the defendant's conviction, the court unequivocally found that the precedent established by *Frenchman v. Kenton*, 531 F. 2d 946 (9th Cir.), *cert. denied,* 429 U.S. 895, 97 S. Ct. 256, 50 L. Ed. 2d 178 (1976), is still good law; that is, that "when, as in the case of deportation, the consequence in issue 'was not the sentence of the court that accepted the plea but of another agency over which the trial judge has no control and for which he has no responsibility', Rule 11 imposes no duty on the District Court to advise a defendant of such consequences" *(Amador-Leal,* 276  F.3d 511 at 514).

Thus, while this court did not inform the defendant of the immigration consequences of his guilty plea, it was not required to.  Nor is a defense counsel is under a duty to inform his client of the immigration consequences  of a guilty plea.  Counsel has only the duty not to

2

affirmatively mislead his client. *U.S. v. Fry,* 322 F.3d 1198 (9th Cir. 2003).

*Fry* involved a foreign national who claimed that he received ineffective assistance of counsel because his counsel did not inform him of the immigration consequences of a conviction. The court held that "counsel's failure to advise a defendant of collateral immigration consequences of the criminal process does not violate the Sixth Amendment right to effective assistance of counsel. 322 F.3d at 1200. In the case at bar, the defendant never inquired about the immigration consequences of his plea and has no grounds to argue that counsel was ineffective. The defense's reliance of the holdings in *U.S. v. Kwan* 407 F.3d 1005 (9th Cir. 2005) and *U.S. v. Couto* 311 F. 3d. 179 (9th Cir. 2002) is misplaced in that in both of those cases the attorneys affirmatively misled their clients.

In fact, the court held in *Kwan* that "An attorney's failure to advise a client of the immigration consequences of a conviction, without more, does not constitute ineffective assistance of counsel . . . " *(Kwan,* 407 F.3d 1005, at 1015) .

There is no evidence in the record that the defendant's first attorney ever affirmatively misled him about the immigration consequences of his guilty plea. Quite the opposite. In the defense's own words, " . . . Mr. Bonilla did not realize or understand, nor had he been told, that the entry of the plea in this matter . . . would probably result in his deportation. (Defense Motion at page 3).

A plea that is knowingly and voluntarily entered is meant to be final. The Government therefore respectfully submits that defendant's motion to withdraw his pleas of guilty be denied.

JOSEPH R. RUSSONIELLO  
United States Attorney

Dated:  1/23/09                                        /S/  
                                                          THOMAS M. O'CONNELL  
                                                          Assistant United States Attorney