ROBERT E. CAREY, JR., ESQ. (SBN 47556)
CAREY & CAREY
706 COWPER STREET
P.O. BOX 1040
PALO ALTO, CA 94302-1040
650/328-5510
650/853-3632 FAX

Attorneys for Defendant
JOSE BONILLA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | CASE NO. CR-07-00251 RMW |
|---|---|
| Plaintiff, | REPLY BRIEF RE JOSE BONILLA'S MOTION TO |
| vs. | WITHDRAW HIS PLEA OF GUILTY |
| JOSE BONILLA, | |
| Defendant. | |

I.

INTRODUCTION

JOSE BONILLA, through his attorney, hereby submits his reply to the government's opposition to allow him to withdraw his previously-entered plea of guilty to the two counts charged in the indictment. Attached hereto and made a part of this response, are three declarations: Jose Bonilla's declaration, his wife's declaration, and a declaration of counsel.

As will be set forth below, JOSE BONILLA respectfully submits that his plea, at the time that it was entered, was neither knowing and intelligent and that, consequently, his withdrawal of that plea fits within the "fair and just" standard. This would appear to be especially so, since there is no prejudice to the government in such a withdrawal of the plea.

## II.

## ALLOWANCE OF THE WITHDRAWAL OF THE PLEA OF GUILTY IS FAIR AND JUST UNDER THE PRESENT CIRCUMSTANCES

The government's opposition to this motion seems to center upon the "affirmative misleading" of the defendant. (Govt brief, p.3, ll.14-18). Based upon this lack of "affirmative misleading" by the defendant's counsel, the government argues that the plea was knowingly and voluntarily entered and, consequently, should be denied. (Govt brief, p.3, ll.14-20).

With that analysis, the defendant respectfully disagrees. First, the issue is whether the plea was knowing and voluntary. Secondly, the issue is whether the withdrawal of the plea prior to sentencing meets the "fair and just" standard. The issue is directed to the discretion of the Court. It is not an issue which necessarily concerns the legal ramifications of whether the acceptance of this plea constitutes reversible error. In fact, this motion is made to obviate such types of proceedings.

From the declarations attached to this reply, it is clear that Mr. BONILLA'S counsel was operating under a mistake of fact as to Mr. BONILLA'S status in the United States. Similarly, it is clear that Mr. BONILLA, who is not that well-educated and functions under a substantial amount of medication, was making an assumption (that he would not be deported as a result of his plea since he had not been deported when he was convicted of his prior felony). That assumption was also incorrect.

In that latter regard, Mr. BONILLA'S wife had notified the investigator of his and her concerns. She had attempted to notify his attorney of those concerns. He entered the plea under the mistaken assumption that deportation was not a certain result — as it certainly appears to be.

Consequently, the situation becomes quite clear. Mr. BONILLA entered a plea based upon a number of mistaken assumptions. Moreover, those

mistaken assumptions (the ability to continue to reside in the United States with his wife and family who are citizens) were of central importance to him.

From a practical standpoint, it appears that the plea was not knowing or intelligent insofar as Mr. BONILLA knowing the consequences of that plea. More importantly, it is submitted that the allowance of the withdrawal of the plea would be fair and just under the circumstances. To allow the withdrawal of the plea at this juncture, at the least, would ensure that any subsequent plea was knowingly and intelligently entered.

## III.

## CONCLUSION

Based upon the pleadings in this case, as well as the declarations filed herein, it is respectfully requested that JOSE BONILLA'S plea of guilty to the two counts in this indictment be allowed to be withdrawn at this time.

DATED:  February 19, 2009        Respectfully submitted,

CAREY & CAREY


　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　ROBERT E. CAREY, JR. Attorneys for
　　　　　　　　　　　　　　　　Defendant JOSE BONILLA