ROBERT E. CAREY, JR., ESQ. (SBN 47556)
CAREY & CAREY
706 COWPER STREET
P.O. BOX 1040
PALO ALTO, CA  94302-1040
650/328-5510
650/853-3632 FAX

Attorneys for Defendant
JOSE BONILLA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. CR-07-00251 RMW |
|---|---|
| Plaintiff, | DECLARATION OF JOSE BONILLA IN SUPPORT OF MOTION TO WITHDRAW PLEA OF GUILTY |
| vs. | |
| JOSE BONILLA, | |
| Defendant. | |

I, JOSE BONILLA, declare:

1.   I am the Defendant in the above-referenced case.

2.   I reside with my wife, Angelica Patricia Gallo, also known as Patty Bonilla, at 8A Paulsen Road, Watsonville, CA.

3.   I make this declaration in support of my motion to withdraw my plea of guilty in this matter.

4.   Prior to the plea of guilty in this matter, I knew that my wife, Patty Bonilla, had asked my attorney as well as the investigator for the Federal Public Defender's Office, whether I would be deported. I understood that no one had ever indicated that I would be so deported, although no one had answered my wife's question.

5.   At the time of the plea of guilty, I believed that I would not be

1  deported because of that plea.  In that regard, I knew that I had previously
2  been convicted of a felony and, I believed, that if I entered the plea of guilty,
3  I would be sent to jail and then be able to live my normal life in the United
4  States with my family.

5      6.  Prior to the entry of the plea of guilty, my wife and I were unable
6  to speak with my attorney, Ms. Lara Vinnard of the Federal Defender's Office.
7  Just after the entry of the plea of guilty, my wife and I had an opportunity to
8  speak with Ms. Vinnard.  In answer to my wife's questions regarding
9  deportation, I understood my attorney to say that I would probably be deported
10 as a result of that plea of guilty.  My wife, Patty, asked why weren't we told
11 about this before?  My attorney indicated that she would look into it and that
12 we would talk about it later.

13     7.  Had I known that I would be deported as a result of my plea of
14 guilty, I would never have entered that plea to these charges; instead, I would
15 have either sought a different type of plea (which would not result in my
16 necessarily being deported) or, alternatively, I would have gone to trial.

17     8.  Deportation was and is a very major factor in my life, since I have
18 lived in the United States since I was approximately 2 or 3 years old.  I wish my
19 wife and children (who are citizens) to remain in the United States, and I wish
20 to remain, if possible, with my family, in the United States.

21     I declare under the penalty of perjury under the laws of the State of
22 California that the foregoing is true and correct, and that this declaration is
23 made on February 19, 2009, at Watsonville, California.

24

25                                     /s/
26                             JOSE BONILLA

27

28