ROBERT E. CAREY, JR., ESQ. (SBN 47556)
CAREY & CAREY
706 COWPER STREET
P.O. BOX 1040
PALO ALTO, CA  94302-1040
650/328-5510
650/853-3632 FAX

Attorneys for Defendant
JOSE BONILLA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. CR-07-00251 RMW |
|---|---|
| Plaintiff, | DECLARATION OF ANGELICA PATRICIA GALLO IN SUPPORT OF JOSE BONILLA'S MOTION TO WITHDRAW PLEA OF GUILTY |
| vs. | |
| JOSE BONILLA, | |
| Defendant. | |

I, ANGELICA PATRICIA GALLO, also known as PATTY BONILLA, declare:

1.  I am the wife of Jose Bonilla, the Defendant in the above-captioned matter, and we have lived together for the last 18 years.

2.  In view of my husband's medical condition, as well as our status as husband and wife, I try to assist my husband with regard to decisions which affect the family.  His entry of a plea of guilty to the indictment in this matter was one of those issues.

3.  At one of the first court appearances in this matter, I asked Ms. Lara Vinnard, my husband's attorney, whether my husband would be subject to deportation in this matter.  I did so because I was concerned about that issue.  I knew that Jose lived in the United States legally, but I wanted to ensure that Jose would not be deported, if at all possible.  Jose's attorney told

us that she would look into the matter.

4. During the course of the investigation of this case and prior to the plea of guilty, which was entered in November of 2007, I spoke and met with an investigator (Mr. Doug Cole), who is employed by the Federal Public Defender's Office. Further, I asked him on two occasions whether Jose would be deported if he pled guilty in this matter. I indicated that I needed to be told if he was going to be deported, since that would be a major factor in his decision-making as to whether Jose would actually enter a plea of guilty to the charges contained in the indictment. My last such conversation with the investigator was approximately one week before the entry of the plea in this matter. On each occasion, the investigator indicated that I should talk with my husband's attorney with regard to that issue, since she was the only one who could provide me with legal advice on that matter. I tried to reach my husband's attorney by telephone to discuss that issue. But I was not successful in reaching her.

5. I assumed that Jose's attorney or the investigator would tell me what would happen insofar as deportation was concerned prior to the entry of the plea of guilty, so that we could decide what to do.

6. On the day of the plea, I accompanied my husband Jose to court. We were not able to speak with Ms. Vinnard prior to the entry of the plea. Following the entry of the plea, I again asked her what the deportation consequences would be insofar as the plea of guilty was concerned. She indicated to me that she would get back to me in a couple of days and that she would have to talk to an immigration specialist.

7. Approximately one week went by and I spoke by telephone with Ms. Vinnard. She indicated to me that Jose would be deported; she further indicated to me that another attorney would be appointed in view of the fact that there was a conflict of interest between her office and us.

2
DECLARATION OF ANGELICA PATRICIA GALLO IN SUPPORT OF JOSE BONILLA'S
MOTION TO WITHDRAW PLEA OF GUILTY

1  I declare under the penalty of perjury under the laws of the State of
2  California that the foregoing is true and correct, and that this declaration is
3  made on February 19, 2009, at Watsonville, California.

4

5                                         /s/
                                      ANGELICA PATRICIA GALLO
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28