*E-FILED - 3/6/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>JOSE BONILLA,<br><br>                    Defendant. | Case No.  CR-07-00251-RMW<br><br>ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA<br><br>[Docket Nos. 57, 58] |

   Defendant Bonilla moves to withdraw his guilty plea on the basis that he was not advised about the collateral consequences of deportation resulting from his plea.  The motion is denied.

   As pointed out by the Government, the Ninth Circuit does not require that such advice be given.  In *United States v. Amador-Leal*, 276 F.3d 511 (9th Cir. 2002), the Court of Appeals held that deportation is a potential collateral consequence of a plea, so that district court is not required under due process clause, or Federal Rules of Criminal Procedure, to first advise a defendant of that potential consequence in order for a plea to be deemed knowing and voluntary.

Further, the court has "held that an attorney's failure to advise a client of the immigration consequences of a conviction, without more, does not constitute ineffective assistance of counsel under *Strickland*." *United States v. Kwan*, 407 F.3d 1005, 1015 (9th Cir. 2005).

Order Denying Motion to Withdraw Guilty Plea
Case No. CR-07-00251-RMW

The Government has brought to the court's attention that the issue of whether the court must advise of deportation consequences of a plea is now before the United States Supreme Court. The Court granted certiorari in *Padilla v. Commonwealth of Kentucky*, 2009 WL 425077 (Mem) on February 23, 2009 which raises the issue. However, Bonilla's situation involves circumstances that show that Bonilla was at least aware of the possibility of deportation. In his declaration in support of his motion to withdraw his plea he declares:

> Prior to the plea of guilty in this matter, I knew that my wife, Patty Bonilla, had asked my attorney as well as the investigator for the Federal Public Defender's Office, whether I would be deported. I understood that no one had ever indicated that I would be so deported, although no one had answered my wife's question.

Bonilla decl. ¶ 4.

Bonilla does not explain why he went forward with his plea without his question being answered. In fact, after the court's Rule 11 colloquy, the court specifically asked: "Mr. Bonilla, do you have any questions before I ask you how you plead?" Bonilla responded: "No, your honor." Although Bonilla claims that he did not think he would be subject to deportation, he knew he had not received an answer from the Federal Public Defender's Office or apparently anyone else. Under these circumstances the plea appears to have been voluntarily and made with knowledge of the possible consequences. It is also difficult to see how Bonilla was prejudiced since he was willing to enter a plea without an answer to his question. The court does not find a fair and just reason to allow the withdrawal of the plea.

Dated: <u>March 5, 2009</u>

_____
RONALD M. WHYTE
United States District Judge

Order Denying Motion to Withdraw Guilty Plea
Case No. CR-07-00251-RMW

2

1
2   Copy of Order E-Filed to Counsel of Record:
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order Denying Motion to Withdraw Guilty Plea
Case No. CR-07-00251-RMW
3