JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

THOMAS M. O'CONNELL (NYSBN 1801950)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408)-535-5053
    Fax: (408)-535-5066
    E-Mail: thomas.m.oconnell@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR - 07- 00251-RMW |
| Plaintiff, ) | GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR BAIL PENDING APPEAL (FILED JULY 9, 2009) |
| v. ) | |
| JOSE BONILLA, ) | |
| Defendant. ) | |

Defendant Jose Bonilla is before the court for sentencing as a result of his guilty pleas to the charges of Felon In Possession of a Firearm (a sawed-off Remington 12 gauge shotgun) in violation of 18 U.S.C. § 922(g)(1) and Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5861(d).

The United States agrees with the Adjusted Offense Level portion of the Sentencing Guideline calculations contained in the Presentence Report (PSR), that is, offense level 17, as well as the criminal history category assessment of Category I. The sentencing range is therefore

//

1  24 - 30 months.  The Government submits that a sentence within that range is a reasonable
2  sentence.
3      With respect to bail pending appeal, the Government disagrees with defendants' assertion
4  that he has met the requirements for release pursuant to 18 U.S.C. 3143(b).
5      The statute mandates that the court *shall* order that a sentenced defendant be detained
6  unless the court makes several findings.  First, the court must find by clear and convincing
7  evidence that the defendant neither poses a danger to the community nor is likely to flee.  The
8  Government submits that the nature of the charge to which he has admitted, in the context in
9  which he committed it, renders him a danger to the community.  Defendant, who has a history of
10 gang activity, was present at a gathering, which police believed to be an initiation, of identified
11 gang members.  Located on the seat of his truck was a sawed off shotgun, loaded, and with a
12 round chambered.  There is no legitimate or sporting purpose for such a weapon. Defendant
13 denied any knowledge of the shotgun, but his latent thumb print was recovered from the weapon.
14 (See paragraphs 5 - 8 of the PSR).
15     The statute also requires that before releasing a defendant pending appeal, the court must
16 find that the appeal is not for purposes of delay, and that is likely to result favorably to the
17 defendant.
18     The basis for defendant's prospective appeal is the court's denial of his motion to
19 withdraw his "open" guilty plea. The defendant asserted, as the basis for his motion, that "at the
20 time of entry of his plea, (he) did not understand that such a plea would subject him to probable
21 deportation", and that this constituted a fair and just reason to withdraw the plea pursuant to Rule
22 11(D)(2)(b) of the Federal Rules of  Criminal Procedure.
23     The court denied the motion, relying on *U.S. v.  Amador-Leal* 276  F.3d 511 (9th Cir.
24 2002) in finding that immigration consequences are a collateral consequence of a
25 plea and the resulting conviction,  and that district courts are not constitutionally required
26 to warn defendants about potential removal in order to assure voluntariness.  The court further
27 ruled that an attorney's failure to advise a client of the immigration consequences of a
28 //

conviction, without more, does not constitute ineffective assistance of counsel, citing *U.S. v. Kwan* 407 F.3d 1005 (9th Cir. 2005).

Moreover, the court distinguished the case upon which defendant relies as a barometer of his chances of success on appeal, *Padilla v. Commonwealth of Kentucky*, 129 S. Ct.1317 (Mem) 2009, inasmuch as the defendant has acknowledged that he was aware of a potential deportation issue prior to his guilty plea, yet did not raise it when canvassed by the court.

Consequently, it would be difficult to find that the defendant's chances of a favorable result on appeal are likely. The Government therefore respectfully submits that defendant's motion for bail pending appeal be denied.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: July 10, 2009

/s/
THOMAS M. O'CONNELL
Assistant United States Attorney