*E-FILED - 8/24/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>JOSE BONILLA,<br><br>                    Defendant. | NO.  CR-07-00251-RMW<br><br>ORDER DENYING MOTION FOR BAIL PENDING APPEAL |

Defendant Bonilla moves for bail pending appeal pursuant to 18 U.S.C. § 3143(b). That statute requires the defendant to prove:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).  A "substantial question" is one that is "fairly debatable."  *Id.*

Under 18 U.S.C. § 3143(b) the defendant is required to prove by clear and convincing evidence that he would not flee or pose a danger to the safety of any other person or the community.

Bonilla, to his credit, self-surrendered, has successfully participated in life style programs sponsored by his church, has actually counseled former members of gangs with regard to the dangers of drugs and has obeyed all pretrial requirements. Since he is unemployed (he apparently has not worked since he was placed on disability (now expired) by his doctor for mental health reasons), he serves as a house-husband and apparently has the support and love of his family.

Bonilla was released on April 17, 2007 on conditions including supervision by Pretrial Services and GPS monitoring. Pretrial Services reports that Bonilla has been cooperative and compliant. "While there have been several GPS alerts generated during that time [April 17, 2007 to date], the undersigned believes that the defendant is doing well overall." Memo dated July 29, 2009 from Anthony Granados, U.S. Pretrial Services Officer. "Pretrial Services does not believe the defendant poses a significant risk of flight or danger to the community at this time." *Id.*

However, the nature of the charge to which Bonilla has admitted, in the context in which he committed it, causes the court to conclude that Bonilla has not proven by clear and convincing evidence that he does not pose a danger to the community. He has a history of gang activity, was present at a gathering, which police believed to be an initiation, of identified gang members. Located on the seat of his truck was a sawed off shotgun, loaded, and with a round chambered. (*See* paragraphs 5 - 8 of the Presentence Report). There would appear to be no legitimate or sporting purpose for possession of such a weapon. Bonilla initially denied any knowledge of the shotgun, but his latent thumb print was recovered from the weapon. *Id.* Bonilla has offered no evidence that explains why he possessed the weapon, why he had it at the location where it was located and most importantly, why it was loaded with a round chambered.

Section 3143(b) also requires that before releasing a defendant pending appeal, the court must find that the appeal is not for purposes of delay, and that it is likely to result favorably to the defendant. The basis for Bonilla's appeal is the same as raised in his motion to withdraw his guilty plea which the court denied. The defendant asserted, as the basis for his motion, that "at the time of entry of his plea, (he) did not understand that such a plea would subject him to probable deportation," and that this constituted a fair and just reason to withdraw the plea pursuant to Rule 11(D)(2)(b) of the Federal Rules of Criminal Procedure. If, at the time of his plea, Bonilla did not

1 know about possible deportation as the result of a conviction, the court would agree that the issue of
2 whether he should have been advised of that possibility before accepting his plea would present a
3 substantial or debatable issue. *See Papilla v. Commonwealth of Kentucky*, 129 S.Ct. 1317
4 (2009)(petition for writ of certiorari granted on issue of advice concerning potential deportation).
5 However, Bonilla was aware that his counsel had not advised him on the issue despite his request
6 that she do so. Further, he was specifically asked before he entered his plea whether he had any
7 questions and he said no. Under these circumstances, the court does not believe that there is a
8 substantial question of law or fact raised by Bonilla. He was aware that deportation might be an
9 issue and yet went forward with his plea despite the fact that he had asked about deportation
10 consequences and had not been given an answer.

11    For the reasons stated, Bonilla's motion for bail on appeal is denied.

14 DATED: 8/21/09

_____
RONALD M. WHYTE
United States District Judge

1
2   Copy of Order E-Filed to Counsel of Record:
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28